UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| PAUL LUMAN, Individually and On Behalf of All Others Similarly Situated, | ) ) ) | No. 4:08-cv-00514-C-W-HFS (Consolidated) |
| Plaintiff, | ) | CLASS ACTION |
| vs. | ) ) | |
| PAUL G. ANDERSON, et al., | ) ) | |
| Defendants. | ) ) | |

**THE FCSTONE DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT**

Defendants FCStone Group Inc., Paul G. Anderson and William J. Dunaway (the "FCStone Defendants") by and through their undersigned counsel and pursuant to Rules 8(a), 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4(b) (the "Reform Act"), the Local Rules of the United States District Court for the Western District of Missouri and the Rules and Orders of this Court, respectfully move this Court to dismiss the claims Plaintiffs raise against them in the above captioned litigation. In support hereof, the FCStone Defendants state as follows:

1. Plaintiffs' § 10(b) claims must be dismissed because their Consolidated Amended Complaint ("CAC") fails to plead the first element of their cause of action, an actionable misstatement or omission of material fact, in accordance with the requirements of the Reform Act and Rule 9(b):

    a. Plaintiffs' attempt to plead the first element of their § 10(b) claim based on forward-looking statements fails because these statements were accompanied by meaning cautionary language and are, therefore, not actionable under the PSLRA's safe harbor for

forward-looking statements. 15 U.S.C. § 78u-5(c)(1)); *Harris v. Ivax Corp.*, 182 F.3d 799, 803 (11th Cir. 1999).

        b. Plaintiffs' attempt to plead the first element of their § 10(b) claims based on the omission of material facts fails because the CAC fails to allege, with the particularity required by the Reform Act, that GAAP required the alleged disclosures. To the contrary, the CAC demonstrates that GAAP did not require Defendants to disclose the omitted facts.

        c. Plaintiffs' attempt to plead the first element of their § 10(b) claims on "information and belief" fails because the CAC fails to allege with the particularity required by the Reform Act "all facts" upon which their "belief" was formed.

2. Plaintiffs § 10(b) claims must also be dismissed because the CAC fails to plead the scienter element of their § 10(b) claims with the particularity required by the Reform Act

3. Under the Reform Act, a securities claim that fails to satisfy the Act's standards must be dismissed. *See* 15 U.S.C. § 78u-4(b)(3)(A) ("[T]he court *shall*, on the motion of any defendant, dismiss the complaint if the [pleading] requirements ... are not met.") (emphasis added).

4. Plaintiffs' §20(a) claims against the Individual Defendants must also be dismissed because they have not established a primary violation to support such claims.

5. The FCStone Defendants will submit an accompanying Memorandum of Law and Exhibits attached to the Declaration of Pamela G. Smith in further support hereof once leave to file the oversize brief has been granted. *See* Docket # 27.

WHEREFORE, the Defendants, FCStone Group, Inc. Paul G. Anderson and William J. Dunaway, respectfully request that the Court dismiss Plaintiffs' Consolidated Amended

Complaint against them, with prejudice, and grant them such other and further relief as the Court deems just and proper.

Dated: November 24, 2009

Respectfully Submitted,

FCSTONE GROUP, INC., PAUL G. ANDERSON, AND WILLIAM J. DUNAWAY

By: s/ Pamela G. Smith
One of Their Attorneys

David H. Kistenbroker
Pamela G. Smith
Katten Muchin Rosenman LLP
525 West Monroe Street
Suite 1900
Chicago, Illinois 60661
(312) 902-5200
(312) 902-1061 (fax)
David.Kistenbroker@kattenlaw.com
Pamela.Smith@kattenlaw.com

-and-

Sean W. Colligan
Stinson, Morrison & Hecker, LLP
2600 Grand Boulevard
Floor 10
Kansas City, Missouri 64108-4606
(816) 691-2600
(816) 474-4208 (fax)

Counsel for Defendants