IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

PAUL LUMEN, et al., )
 )
        Plaintiffs, )
 )
v. ) Case No. 08-0514-CV-W-HFS
 )
PAUL G. ANDERSON, et al., )
 )
        Defendants. )

ORDER (1) DENYING MOTION REQUIRING COMPLIANCE WITH PSLRA PROCEDURES, (2) DENYING MOTION TO STAY, (3) DENYING MOTION TO COMPEL, AND (4) ESTABLISHING BRIEFING SCHEDULE FOR PLAINTIFFS' MOTION TO CERTIFY CLASS

Pending are two motions relating to Defendants' contention that requirements of the Private Securities Litigation Reform Act ("PSLRA") have not been satisfied. Plaintiffs have also filed a motion to compel. These motions (Doc. # 73, Doc. # 76, and Doc. # 81) are denied, and the Court establishes a new schedule to complete the briefing of Plaintiffs' Motion to Certify.

## I. BACKGROUND

Several cases against Defendants alleging securities fraud were transferred to the undersigned. On July 20, 2009, I consolidated the cases and – in accordance with the PSLRA – appointed lead counsel and lead plaintiffs. The lead plaintiffs appointed were Paul Lumen and Electrical Workers Pension Fund, Local 103, I.B.E.W ("IBEW"). On September 25, 2009, the Lead Plaintiffs filed a Consolidated Complaint.

On November 16, 2010, I granted in part and denied in part Defendants' Motion to Dismiss. The effect of that order was to limit the permissible claims to those alleging "the Adams bad debt situation was willfully minimized on November 3 and 4, 2008."

This presented a potential problem, because there was reason to believe Lead Plaintiffs purchased their securities before November 3, 2008. I addressed this issue in the following paragraph:

> Counsel will note that I find very serious problems that may very well avoid discovery aimed at potential claims of stockholders who bought in before November, 2008. Whether eligible investors have sued is not before me. Amendments to the pleadings may be promptly filed.

Plaintiffs apparently did not act promptly enough for Defendants' taste. On February 1, 2011, Defendants filed a Motion for Judgment on the Pleadings, alleging Lead Plaintiffs lacked standing to assert the only claims permitted by my November 16 Order. In response, Plaintiffs sought leave to add two new plaintiffs: Bruce Wells and Building Trades Pension Fund ("Building Trades"). Defendants did not oppose this motion; in fact, Defendants filed a Motion to Withdraw their previously filed Motion for Judgment on the Pleadings because it appeared to them "proposed plaintiff Building Trades possesses standing to maintain this action on its own." On March 4, 2011, I granted both Plaintiffs' and Defendants' motions. The Amended Consolidated Complaint ("ACC") was filed on March 7, 2011. The caption for the ACC identifies the plaintiff as "Paul Lumen, Individually and On Behalf of All Others Similarly Situated." However, the only plaintiffs identified in the ACC are Wells and Building Trades, ACC ¶¶ 15-16; Lumen and IBEW are not mentioned at all.

Meanwhile, Plaintiffs' Motion to Certify was filed on February 22, 2011. Instead of responding, Defendants filed the instant motions alleging Lead Counsel have substituted plaintiffs who have not been approved in accordance with the PSLRA and have thereby circumvented the PSLRA's purpose of preventing attorney-driven litigation.

## II. DISCUSSION

When it enacted PSLRA, "Congress sought to create mechanisms to ensure the

protection of class members' interests in securities litigation that was widely perceived as being lawyer-instituted and lawyer-driven." In re BankAmerica Corp. Sec. Litig., 350 F.3d 747, 751 (8th Cir. 2003) (citing In re Cendant Corp. Litig., 264 F.3d 201, 254-68 (3d Cir. 2001)). The PSLRA provides this protection by requiring the District Court to appoint a lead plaintiff or group of lead plaintiffs in accordance with the statute. The movant(s) with the largest financial interest is presumptively the lead plaintiff(s). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

There is a certain amount of logic to Defendants' argument that approval of a lead plaintiff is only valid to the extent the lead plaintiff has standing to assert the claims in question. Unfortunately, this rule would significantly interfere with the timely and orderly processing of securities' law claims because the decision to appoint lead counsel is made before any claims are considered and before a full analysis of Rule 23 is conducted. It is therefore not surprising that courts have rejected arguments similar to Defendants'. The timing for compliance with the PSLRA necessarily creates a substantial risk that a lead plaintiff will be appointed who does not have standing to assert all of the claims, so the lead plaintiff is permitted to designate additional plaintiffs to serve as class representatives. However, the PSLRA does not require that the case "start over" to vet or analyze additional plaintiffs. E.g., Hevesi v. Citigroup, Inc., 366 F.3d 70, 82 (2d Cir. 2004).

Defendants characterize the new plaintiffs as having "replaced" the ones designated as Lead Plaintiff; I do not. The Lead Plaintiffs are still Lead Plaintiffs, and thus are still "in the case" even if they are not asserting the only remaining claim. The Lead Plaintiffs' claims have been dismissed, and at the appropriate point in time they may opt to appeal the decision rendered on November 16, 2010. Consistent with Hevesi, I permitted (with Defendants' consent) additional representatives into the case. While the Lead Plaintiffs are not mentioned in the body of the ACC, this is an understandable effort to comply with the order dismissing certain claims (although it would have been equally acceptable to "re-assert" the dismissed claims simply for continuity's sake). Under these circumstances, the PSLRA does not require that the case "start over" at the beginning of the party-approval process.

As noted, Defendants never responded to the Motion to Certify. Plaintiffs have asked me to grant the motion because it is unopposed, but I am unwilling to do this. Certification of a class implicates interests beyond those of the parties, so the motion should not be automatically granted given that Defendants' failure to respond is not the result of recalcitrance.

Finally, there is the matter of Plaintiffs' Motion to Compel. Defendants have not responded to certain discovery requests – not because they believed the information is not discoverable, but because they believed the Plaintiffs' lacked standing to discover it. Similarly, Defendants declined to finalize approval of a Stipulated Protective Order because of their belief that Plaintiffs were not authorized to act in this case. Resolution of Defendants' PSLRA-related motions should remove these roadblocks without further judicial intervention.

### III. CONCLUSION

Defendants' motions related to compliance with the PSLRA (Doc. # 73 and Doc. # 76) are denied. Plaintiffs' Motion to Compel (Doc. # 81) is denied. Defendants are directed to respond to the Motion to Certify within thirty days of this Order. Plaintiffs shall have fifteen days thereafter to file Reply Suggestions.

IT IS SO ORDERED.

/s/ Howard F. Sachs
HOWARD F. SACHS, SENIOR JUDGE
UNITED STATES DISTRICT COURT

August  24 , 2011

Kansas City, MO

4